Department of the Treasury
Internal Revenue Service
PO Box 480
Holtsville NY 11742-0480


Illinois Department of Revenue
PO Box 19006
Springfield IL 62794-9006


Northshore Univ Health Sys
9532 Eagle Way
Chicago IL 60678


Northshore Univ Health Sys Hosp Billing
23056 Network Place
Chicago IL 60673-1230


Alpine Capital Investments
c/o Albert Law Firm
29 N Wacker Dr #550
Chicago IL 60606


Ambit Energy
c/o Transworld Systems
1375 E Woodfield Rd #110
Schaumburg IL 60173


American Express
POB 6618
Omaha NE 68105-0618


American Express
POB 105278
Atlanta GA 30348-5278


AMEX
POB 981537
El Paso TX 79998

```
Capital One
c/o Asset Acceptance
POB 2036
Warren MI 48090-2036



Cardiovascular Assoc
POB 88275
Chicago IL 60680-8275



Chase Bk
c/o Creditors Financial Grp
POB 440290
Aurora CO 80044-0290



Chicago Tribune
c/o Biehl & Biehl
POB 87410
Carol Stream IL 60188-7410



Chicaog Dept Revenue
c/o Citi Collection Ser
POB 88292
Chicago IL 60680-1292



CitiBank
c/o Leading Edge Recovery Sol
POB 129
Linden MI 48451-0129



CitiBank
c/o Financial Recovery Sys
POB 385908
Munneapolis MN 55438-5908



City of Chicago
c/o Linebarger Goggan Blair & Sampson
POB 06152
Chicago IL 60606-1052



City of Chicago
POB 88292
Chicago IL 60680-1292
```

ComEd
POB 6111
Carol Stream IL 60197-6111


Department of the Treasury
Internal Revenue Service
PO Box 480
Holtsville NY 11742-0480


Design Within Reach
c/o FBCS
220 Byberry Rd #120
Hatboro PA 19040-3738


Ebay Inc
c/o IC Systems
444 Highway 96 East Box 64886
St Paul MN 55164-0886


Friedman & Holtz
208 S LaSalle #760
Chicago IL 60604


Glenview Water Dept
1225 Waukegan Rd
Glenview IL 60025


Gordon Gault PC
55 W Monroe St #3550
Chicago IL 60603


Groot
c/o RMS
4836 Brecksville Rd POB 523
Richfield OH 44286


Gurnee RLPEP
c/o Penn Credit
916 S 14th St POB 988
Harrisburg PA 17108-0988

Harris Bank
c/o Barons Creditors Services Corp
155 Revere Dr # 9
Northbrook IL 60062-1588


Ice Mountain
c/o Caine & Weiner
POB 5010
Woodland Hills CA 91365-5010


IL Bone & Joint Institute
5057 Paysphere Circle
Chicago IL 60647-0050


IL ST Toll Highway Auth
222 Merchndise MArt #1932
Chicago IL 60654


Illinois Department of Revenue
PO Box 19006
Springfield IL 62794-9006


Laboratory Corp of America
c/o RMCB
4 Westchester Plaza #110
Elmsford NY 10523-0935


Law Office of William F. Marutzky
c/o 175 W Jackson Blvd #1600
Chicago IL 60604-2827


Luthern General Hospital
c/o ICS
POB 1010
Tinley Park IL 60477-9110


Medical Business Bureau
POB 1219
Park Ridge IL 60068-7219

Medical Business Bureau
POB 1219
Park Ridge IL 60068-7219


Metra Rail Tickets Collection
547 W Jackson Blvd
Chicago IL 60661


Minouw Colis MD SC
2440 RavineWay #600
Glenview IL 60025


Northshore Univ Health Sys
c/o ICS
POB 1010
Tinley Park IL 60477-9110


Nicor
POB 0632
Aurora IL 60507-0632


NICOR
c/o Harris & Harris
222 Merchandise Mart Plaza #1900
Chicago IL 60654


Northshore Univ Health Sys
9532 Eagle Way
Chicago IL 60678


Northshore Univ Health Sys
c/o ICS
POB 1010
Tinley Park IL 60477-9110


Northwestern Med Faculty Foundation
38693 Eagle Way
Chicago IL 60698-1386

Northwestern Memorial Hospital
POB 73690
Chicago IL 60673-7690


Northwestern Memorial Hospital
c/o Harris & Harris
222 Merchandise Mart Plaza #1900
Chicago IL 60654


Progressive Ins
c/o NCO Financial
POB 15740
Wilmington DE 19850-5740


Resurgence Financial
c/o Resurgence Legal Grp
1161 Lake Cook Rd Suite E
Deerfield IL 60015


Southgate on the Glen Single Family
c/o Chicagoland Management
541 N Fairbanks Crt #880
Chicago IL 60611


Sprint
c/o Diversified Adjustment Ser Inc
POB 32145
Fridley MN 55432-0145


Sprint
c/o Afni
POB 3517
Bloomington IL 61702-3517


Suzanne Nelson
777 Oakmont Lane #1600
Westmont IL 60559-5574


Department of the Treasury
Internal Revenue Service
PO Box 480
Holtsville NY 11742-0480

Thomasville Furniture
c/o ER Solutions
POB 9004
Renton WA 98057-9004


Titlemax of IL Inc
315 Roosevelt Road
Glen Ellyn IL 60137


Unifund CCR Partners
c/o Blatt Hasenmiller Leibsker & Moore
125 S Wacker Dr #400
Chicago IL 60606-4440


Vista Medical Center East
99 Greenwood Ave
Waukegan IL 60087-5136


William F Marutzky
c/o William H Hunter
20 S. LaSalle
Chicago IL 60603


William H. Hunter
29 S LaSalle St #21937
Chicago IL 60603


Wisconsin Court System
City of Racine WI
730 Washington Ave
Racine WI 53403


Women's Grp of Northwestern
c/o Certified Ser
POB 177
Waukegan IL 60079-0177


Women's Health
c/c North Shore Agency
POB 8901
Westbury NY 11590-8901

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In Re:                                          Bankruptcy Case Number: _____

**William D Jegen**
**Sheila C Jegen**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____

The above named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Dated:   **1/12/2012**              **s/ William D Jegen** _____

                                   **William D Jegen**
                                                Debtor

                                   **s/ Sheila C Jegen** _____
                                   **Sheila C Jegen**
                                                Joint Debtor

| United States Bankruptcy Court<br>Northern District of Illinois<br>Eastern Division | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Jegen, William, D** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Jegen, Sheila, C** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN(if more<br>than one, state all):  **4583** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN(if more than<br>one, state all):  **4157** |
| Street Address of Debtor (No. & Street, City, and State):<br>**1335 Plymouth Lane**<br>**Glenview IL**<br><div align="right">ZIP CODE **60025-2270**</div> | Street Address of Joint Debtor (No. & Street, City, and State):<br>**1335 Plymouth Lane**<br>**Glenview IL**<br><div align="right">ZIP CODE **60025-2270**</div> |
| County of Residence or of the Principal Place of Business:<br>**COOK** | County of Residence or of the Principal Place of Business:<br>**COOK** |
| Mailing Address of Debtor (if different from street address):<br><div align="right">ZIP CODE</div> | Mailing Address of Joint Debtor (if different from street address):<br><div align="right">ZIP CODE</div> |
| Location of Principal Assets of Business Debtor (if different from street address above):<br><div align="right">ZIP CODE</div> | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check **one** box.) | **Nature of Business**<br>(Check **one** box) | **Chapter of Bankruptcy Code Under Which<br>the Petition is Filed** (Check **one** box) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11<br>U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☑ Chapter 7    ☐ Chapter 15 Petition for<br>☐ Chapter 9      Recognition of a Foreign<br>                 Main Proceeding<br>☐ Chapter 11   ☐ Chapter 15 Petition for<br>☐ Chapter 12     Recognition of a Foreign<br>☐ Chapter 13     Nonmain Proceeding |

| **Chapter 15 Debtors**<br>Country of debtor's center of main interests:<br>_____<br>Each country in which a foreign proceeding by, regarding,<br>or against debtor is pending:<br>_____ | **Tax-Exempt Entity**<br>(Check box, if applicable)<br><br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code.) | **Nature of Debts**<br>(Check one box)<br>☑ Debts are primarily consumer    ☐ Debts are primarily<br>debts, defined in 11 U.S.C.         business debts.<br>§ 101(8) as "incurred by an<br>individual primarily for a<br>personal, family, or house-<br>hold purpose." |
|---|---|---|

| **Filing Fee** (Check one box) | **Chapter 11 Debtors** |
|---|---|
| ☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach<br>signed application for the court's consideration certifying that the debtor is<br>unable to pay fee except in installments. Rule 1006(b) See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on<br>4/01/13 and every three years thereafter*).<br>**Check all applicable boxes**<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were solicited prepetition from one or more classes<br>of creditors, in accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information** | THIS SPACE IS FOR<br>COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative<br>expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

Estimated Assets

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than $1<br>billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than $1<br>billion |

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**William D Jegen, Sheila C Jegen** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) |||
|---|---|---|
| Location<br>Where Filed:    **NONE** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor:<br>**NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐   Exhibit A is attached and made a part of this petition. | X  **s/JQuinn                              1/12/2012**<br>Signature of Attorney for Debtor(s)         Date<br>**Jill Rose Quinn                      06184392** |

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br>☐   Yes, and Exhibit C is attached and made a part of this petition.<br>☑   No |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>☐   Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>If this is a joint petition:<br><br>☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue**<br>(Check any applicable box) |
|---|
| ☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☐   There is a bankruptcy case concerning debtor's affiliate. general partner, or partnership pending in this District.<br><br>☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District. or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes.) |
|---|
| ☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following).<br><br>_____<br>(Name of landlord that obtained judgment)<br><br>_____<br>(Address of landlord)<br><br>☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br><br>☐   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.<br><br>☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **William D Jegen, Sheila C Jegen** |

## Signatures

<table>
<tr>
<td><b>Signature(s) of Debtor(s) (Individual/Joint)</b></td>
<td><b>Signature of a Foreign Representative</b></td>
</tr>
</table>

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **s/ William D Jegen**

Signature of Debtor    **William D Jegen**

X **s/ Sheila C Jegen**

Signature of Joint Debtor    **Sheila C Jegen**

Telephone Number (If not represented by attorney)

**1/12/2012**
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of Title 11, United States Code. Certified Copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in the petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X **Not Applicable**

(Signature of Foreign Representative)

(Printed Name of Foreign Representative)

Date

**Signature of Attorney**

X **s/JQuinn**

Signature of Attorney for Debtor(s)

**Jill Rose Quinn  Bar No.  06184392**

Printed Name of Attorney for Debtor(s) / Bar No.

**Law Offices of Jill Rose Quinn**

Firm Name

**4825 North Mason Avenue, #105 Chicago, Illinois 60630-3187**

Address

**(773) 777-9277**            **(773)777-9275**

Telephone Number

**1/12/2012**

Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

**Not Applicable**

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

Address

X **Not Applicable**

Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **Not Applicable**

Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois

### Eastern Division

In re   **William D Jegen  Sheila C Jegen**         Case No. _____
           Debtor(s)                                        *(if known)*

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the **180 days before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

_____

_____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

**B 1D (Official Form 1, Exh. D) (12/09) – Cont.**

❑   4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

❑   Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

❑   Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

❑   Active military duty in a military combat zone.

❑   5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **s/ William D Jegen**
                                       **William D Jegen**

Date:   **1/12/2012**

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois

### Eastern Division

In re   **William D Jegen   Sheila C Jegen**　　　　　　　　　Case No. _____
　　　　　　　　　　Debtor(s)　　　　　　　　　　　　　　　　　　　　　　*(if known)*

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the **180 days before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

_____

_____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

**B 1D (Official Form 1, Exh. D)  (12/09) – Cont.**

❑  4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

❑  Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

❑  Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

❑  Active military duty in a military combat zone.

❑  5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  **s/ Sheila C Jegen**
                      **Sheila C Jegen**

Date:  **1/12/2012**

**B6A (Official Form 6A) (12/07)**

In re: **William D Jegen    Sheila C Jegen** _____.          Case No. _____
                    **Debtors**                                                                          **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **NONE** | | | | |

Total ➤ **0.00**

(Report also on Summary of Schedules.)

B6B (Official Form 6B) (12/07)

In re **William D Jegen   Sheila C Jegen** _____,   Case No. _____
_____
**Debtors**   (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | **cash** | **J** | **200.00** |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **checking acct Wells Fargo Bank** | **J** | **100.00** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | **security deposit with landlord** | **J** | **2,000.00** |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **used furniture** | **J** | **150.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **used clothing** | **J** | **50.00** |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **William D Jegen   Sheila C Jegen**_____,     Case No._____
                        **Debtors**                                        (If known)

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property.  Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles.  Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2003 Land Rover Discovery inoperable** | J | **2,000.00** |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | **used computers** | J | **50.00** |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested.  Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed.  Itemize. | X | | | |

_____1_____  continuation sheets attached          Total  >       $  4,550.00

(Include amounts from any continuation sheets
attached. Report total also on Summary of
Schedules.)

**B6C (Official Form 6C) (4/10)**

In re   **William D Jegen   Sheila C Jegen** _____,   Case No. _____

_____ Debtors   (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:   ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)   $146,450.*
☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| **2003 Land Rover Discovery inoperable** | **735 ILCS 5/12-1001(c)** | **0.00** | **2,000.00** |
| **cash** | **735 ILCS 5/12-1001(b)** | **200.00** | **200.00** |
| **checking acct Wells Fargo Bank** | **735 ILCS 5/12-1001(b)** | **100.00** | **100.00** |
| **security deposit with landlord** | **735 ILCS 5/12-1001(b)** | **2,000.00** | **2,000.00** |
| **used clothing** | **735 ILCS 5/12-1001(b)** | **50.00** | **50.00** |
| **used computers** | **735 ILCS 5/12-1001(b)** | **50.00** | **50.00** |
| **used furniture** | **735 ILCS 5/12-1001(b)** | **150.00** | **150.00** |

*\* Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**B6D (Official Form 6D) (12/07)**

In re  **William D Jegen    Sheila C Jegen**                                    .                    Case No. _____
                                            **Debtors**                                                                    **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  -2138<br><br>**Titlemax of IL Inc**<br>**315 Roosevelt Road**<br>**Glen Ellyn IL 60137** | | W | **Security Agreement**<br>**2003 Land Rover Discovery**<br>**inoperable**<br><br>**VALUE $2,000.00** | | | | 2,938.52 | 938.52 |

<u>0</u>    continuation sheets
        attached

Subtotal  ➢
(Total of this page)

Total  ➢
(Use only on last page)

| | |
|---|---|
| $       **2,938.52** | $           **938.52** |
| $       **2,938.52** | $           **938.52** |

(Report also on Summary of Schedules)  (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6E (Official Form 6E) (4/10)

In re  **William D Jegen   Sheila C Jegen** _____

Case No. _____

(If known)

Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐   **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐   **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐   **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐   **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐   **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐   **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑   **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐   **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐   **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**3  continuation sheets attached**

B6E (Official Form 6E) (4/10) – Cont.

In re  **William D Jegen   Sheila C Jegen**                          Case No. _____
                                                                                    (If known)
                          Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

### Type of Priority:  Taxes and Certain Other Debts Owed to Governmental Units

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   xxx-xx-4583<br>**Department of the Treasury**<br>**Internal Revenue Service**<br>**PO Box 480**<br>**Holtsville NY 11742-0480** | | J | **2005 income taxes** | | | | 41,483.09 | 41,483.09 | $0.00 |
| ACCOUNT NO.   xxx-xx-4583<br>**Department of the Treasury**<br>**Internal Revenue Service**<br>**PO Box 480**<br>**Holtsville NY 11742-0480** | | J | **2004 income taxes** | | | | 28,365.08 | 28,365.08 | $0.00 |
| ACCOUNT NO.   xxx-xx-4583<br>**Department of the Treasury**<br>**Internal Revenue Service**<br>**PO Box 480**<br>**Holtsville NY 11742-0480** | | J | **2002 income taxes** | | | | 756,289.03 | 756,289.03 | $0.00 |
| ACCOUNT NO.   xxx-xx-4583<br>**Department of the Treasury**<br>**Internal Revenue Service**<br>**PO Box 480**<br>**Holtsville NY 11742-0480** | | J | **2003 income taxes** | | | | 5,334.17 | 5,334.17 | $0.00 |
| ACCOUNT NO.   xxx-xx-4583<br>**Department of the Treasury**<br>**Internal Revenue Service**<br>**PO Box 480**<br>**Holtsville NY 11742-0480** | | J | **2001 income taxes** | | | | 26,787.44 | 26,787.44 | $0.00 |
| ACCOUNT NO.   xxx-xx-4583<br>**Department of the Treasury**<br>**Internal Revenue Service**<br>**PO Box 480**<br>**Holtsville NY 11742-0480** | | J | **1998 income taxes** | | | | 36,258.20 | 36,258.20 | $0.00 |

Sheet no.  1  of  3  continuation sheets attached to Schedule of
Creditors Holding Priority Claims

Subtotals ►
(Totals of this page)                      $  894,517.01    $  894,517.01    $     0.00

Total  ►
(Use only on last page of the completed
Schedule E. Report also on the Summary of
Schedules.)                                $

Total  ►
(Use only on last page of the completed
Schedule E. If applicable, report also on the
Statistical Summary of Certain Liabilities
and Related Data. )                                         $              $

B6E (Official Form 6E) (4/10) – Cont.

In re    **William D Jegen   Sheila C Jegen**                                              **Case No.** _____
                                                                                                                  (If known)
                                        Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Type of Priority:  Taxes and Certain Other Debts Owed to Governmental Units**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **P18605421**  **Illinois Department of Revenue**  **PO Box 19006**  **Springfield IL 62794-9006** | | J | **2004 income taxes** | | | | **9,088.02** | **9,088.02** | **$0.00** |
| ACCOUNT NO.  **P18605421**  **Illinois Department of Revenue**  **PO Box 19006**  **Springfield IL 62794-9006** | | J | **2010 income taxes** | | | | **367.92** | **367.92** | **$0.00** |
| ACCOUNT NO.  **P18605421**  **Illinois Department of Revenue**  **PO Box 19006**  **Springfield IL 62794-9006** | | J | **2009 income taxes** | | | | **152.94** | **152.94** | **$0.00** |
| ACCOUNT NO.  **P18605421**  **Illinois Department of Revenue**  **PO Box 19006**  **Springfield IL 62794-9006** | | J | **2008 income taxes** | | | | **5,290.94** | **5,290.94** | **$0.00** |
| ACCOUNT NO.  **P18605421**  **Illinois Department of Revenue**  **PO Box 19006**  **Springfield IL 62794-9006** | | J | **2007 income taxes** | | | | **7,453.10** | **7,453.10** | **$0.00** |
| ACCOUNT NO.  **P18605421**  **Illinois Department of Revenue**  **PO Box 19006**  **Springfield IL 62794-9006** | | J | **2005 income taxes** | | | | **6,432.00** | **6,432.00** | **$0.00** |

Sheet no. _2_ of _3_ continuation sheets attached to Schedule of
Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotals ►  (Totals of this page) | $ **28,784.92** | $ **28,784.92** | $ **0.00** |
| Total  ►  (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ | | |
| Total  ►  (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data. ) | | $ | $ |

**B6E (Official Form 6E) (4/10) – Cont.**

In re  **William D Jegen    Sheila C Jegen**                                    Case No. _____

_____                                              (If known)
                        Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

### Type of Priority:  Taxes and Certain Other Debts Owed to Governmental Units

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **P18605421**<br><br>**Illinois Department of Revenue**<br>**PO Box 19006**<br>**Springfield IL 62794-9006** | | J | **2002 income taxes** | | | | **77,879.95** | **77,879.95** | **$0.00** |

Sheet no.  _3_ of  _3_ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotals ►<br>(Totals of this page) | $    **77,879.95** | $    **77,879.95** | $    **0.00** |
| Total  ►<br>(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ **1,001,181.88** | | |
| Total  ►<br>(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data. ) | | $ **1,001,181.88** | $    **0.00** |

B6F (Official Form 6F) (12/07)

In re   **William D Jegen   Sheila C Jegen**                          Case No. _____
                                    Debtors                                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐     Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **2009-M1-145605** <br><br>**Alpine Capital Investments** <br>**c/o Albert Law Firm** <br>**29 N Wacker Dr #550** <br>**Chicago IL 60606** | | W | consumer goods | | | | 40,150.59 |
| ACCOUNT NO. <br><br>**Ambit Energy** <br>**c/o Transworld Systems** <br>**1375 E Woodfield Rd #110** <br>**Schaumburg IL 60173** | | H | utility-3287 | | | | 157.50 |
| ACCOUNT NO.   **-9005** <br><br>**American Express** <br>**POB 105278** <br>**Atlanta GA 30348-5278** | | W | consumer goods | | | | 29,072.21 |
| ACCOUNT NO.   **-4002** <br><br>**American Express** <br>**POB 6618** <br>**Omaha NE 68105-0618** | | W | consumer goods | | | | 7,883.71 |
| ACCOUNT NO.   **-3002** <br><br>**American Express** <br>**POB 6618** <br>**Omaha NE 68105-0618** | | W | consumer goods | | | | 19,734.54 |

<u>11</u>   Continuation sheets attached

                                                                         Subtotal ➤ $            96,998.55

                                                                         Total ➤ $
                                              (Use only on last page of the completed Schedule F.)
                                (Report also on Summary of Schedules and, if applicable on the Statistical
                                          Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **William D Jegen   Sheila C Jegen**                                    Case No. _____
                                                    **Debtors**                                          (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **-1334** <br><br>**AMEX** <br>**POB 981537** <br>**El Paso TX 79998** | | H | consumer goods | | | | **898.00** |
| ACCOUNT NO.  **-5234** <br><br>**Capital One** <br>**c/o Asset Acceptance** <br>**POB 2036** <br>**Warren MI 48090-2036** | | H | consumer goods | | | | **1,227.51** |
| ACCOUNT NO.  **-3534** <br><br>**Cardiovascular Assoc** <br>**POB 88275** <br>**Chicago IL 60680-8275** | | H | medical | | | | **396.00** |
| ACCOUNT NO.  **-1051** <br><br>**Chase Bk** <br>**c/o Creditors Financial Grp** <br>**POB 440290** <br>**Aurora CO 80044-0290** | | W | consumer goods | | | | **14,813.83** |
| ACCOUNT NO.  **-2947** <br><br>**Chicago Tribune** <br>**c/o Biehl & Biehl** <br>**POB 87410** <br>**Carol Stream IL 60188-7410** | | W | consumer goods | | | | **25.75** |

_11_  Continuation sheets attached

Sheet no. _1_ of _11_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal  ▷  $                    **17,361.09**

Total  ▷  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re  **William D Jegen  Sheila C Jegen**                          Case No. _____
                                            **Debtors**                                         (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **-4707** | | **W** | | | | | **227.28** |
| **Chicaog Dept Revenue c/o Citi Collection Ser POB 88292 Chicago IL 60680-1292** | | | fees | | | | |
| ACCOUNT NO.  **-4560** | | **W** | | | | | **51,344.48** |
| **CitiBank c/o Leading Edge Recovery Sol POB 129 Linden MI 48451-0129** | | | consumer goods | | | | |
| ACCOUNT NO.  **-7618** | | **W** | | | | | **5,534.18** |
| **CitiBank c/o Financial Recovery Sys POB 385908 Munneapolis MN 55438-5908** | | | consumer goods | | | | |
| ACCOUNT NO.  **-8493** | | **W** | | | | | **488.00** |
| **City of Chicago c/o Linebarger Goggan Blair & Sampson POB 06152 Chicago IL 60606-1052** | | | fees | | | | |
| ACCOUNT NO.  **-3910** | | **W** | | | | | **449.28** |
| **City of Chicago POB 88292 Chicago IL 60680-1292** | | | fees | | | | |

  <u>11</u>  Continuation sheets attached

Sheet no. 2 of 11 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal  ➤  $          **58,043.22**

Total  ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re __William D Jegen   Sheila C Jegen_____     Case No. _____

Debtors                                                          (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **-2862** | | W | fees | | | | **113.64** |
| **City of Chicago** POB 88292 Chicago IL 60680-1292 | | | | | | | |
| ACCOUNT NO.   **-1036** | | H | utility | | | | **7,525.01** |
| **ComEd** POB 6111 Carol Stream IL 60197-6111 | | | | | | | |
| ACCOUNT NO.   **-5478** | | W | consumer goods | | | | **4,820.28** |
| **Design Within Reach** c/o FBCS 220 Byberry Rd #120 Hatboro PA 19040-3738 | | | | | | | |
| ACCOUNT NO.   **-0355** | | H | consumer goods | | | | **1,775.04** |
| **Ebay Inc** c/o IC Systems 444 Highway 96 East Box 64886 St Paul MN 55164-0886 | | | | | | | |
| ACCOUNT NO.   **98107C** | | J | legal fees | | | | **13,499.84** |
| **Friedman & Holtz** 208 S LaSalle #760 Chicago IL 60604 | | | | | | | |

__11__  Continuation sheets attached

Sheet no. __3__ of __11__ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal ➤ $                **27,733.81**

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re **William D Jegen  Sheila C Jegen**                    Case No. _____

                                                                    Debtors                                  (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **-2460** | | W | utility | | | | 590.36 |
| **Glenview Water Dept** **1225 Waukegan Rd** **Glenview IL 60025** | | | | | | | |
| ACCOUNT NO. | | J | legal fees | | | | 4,820.00 |
| **Gordon Gault PC** **55 W Monroe St #3550** **Chicago IL 60603** | | | | | | | |
| ACCOUNT NO. **-4861** | | W | consumer goods | | | | 62.00 |
| **Groot** **c/o RMS** **4836 Brecksville Rd POB 523** **Richfield OH 44286** | | | | | | | |
| ACCOUNT NO. **-9497** | | W | fees | | | | 200.00 |
| **Gurnee RLPEP** **c/o Penn Credit** **916 S 14th St POB 988** **Harrisburg PA 17108-0988** | | | | | | | |
| ACCOUNT NO. **-5073** | | H | bank fees | | | | 4,138.80 |
| **Harris Bank** **c/o Barons Creditors Services Corp** **155 Revere Dr # 9** **Northbrook IL 60062-1588** | | | | | | | |

<u>11</u>   Continuation sheets attached

Sheet no. <u>4</u> of <u>11</u> continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal ➤ $   **9,811.16**

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **William D Jegen   Sheila C Jegen**                                Case No. _____
                                          Debtors                                                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **-3417** | | W | | | | | **569.81** |
| **Ice Mountain** c/o Caine & Weiner POB 5010 Woodland Hills CA 91365-5010 | | | consumer goods | | | | |
| ACCOUNT NO.   **-6877** | | W | | | | | **885.00** |
| **IL Bone & Joint Institute** 5057 Paysphere Circle Chicago IL 60647-0050 | | | medical | | | | |
| ACCOUNT NO.   **-2090** | | W | | | | | **212.30** |
| **IL ST Toll Highway Auth** 222 Merchndise MArt #1932 Chicago IL 60654 | | | fees | | | | |
| ACCOUNT NO.   **-7900** | | W | | | | | **441.00** |
| **Laboratory Corp of America** c/o RMCB 4 Westchester Plaza #110 Elmsford NY 10523-0935 | | | medical | | | | |
| ACCOUNT NO. | | J | | | | | **2,511.30** |
| **Law Office of William F. Marutzky** c/o 175 W Jackson Blvd #1600 Chicago IL 60604-2827 | | | legal fees | | | | |

<u>11</u>   Continuation sheets attached

Sheet no. <u>5</u> of <u>11</u> continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal   >   $           **4,619.41**

Total   >   $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re  **William D Jegen   Sheila C Jegen**                              Case No. _____
                                                          **Debtors**                                  **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **-3745** | | **W** | | | | | **619.00** |
| **Luthern General Hospital c/o ICS POB 1010 Tinley Park IL 60477-9110** | | | medical | | | | |
| ACCOUNT NO.  **-9491** | | **W** | | | | | **707.00** |
| **Medical Business Bureau POB 1219 Park Ridge IL 60068-7219** | | | medical | | | | |
| ACCOUNT NO.  **-9491** | | **W** | | | | | **178.00** |
| **Medical Business Bureau POB 1219 Park Ridge IL 60068-7219** | | | medical | | | | |
| ACCOUNT NO.  **-2703** | | **H** | | | | | **57.30** |
| **Metra Rail Tickets Collection 547 W Jackson Blvd Chicago IL 60661** | | | consumer goods | | | | |
| ACCOUNT NO.  **-30933** | | **W** | | | | | **225.00** |
| **Minouw Colis MD SC 2440 RavineWay #600 Glenview IL 60025** | | | medical | | | | |

<u>11</u>   Continuation sheets attached

Sheet no.  <u>6</u> of <u>11</u> continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal  ➤  $                    **1,786.30**

Total  ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **William D Jegen   Sheila C Jegen**                     Case No. _____
                                    Debtors                                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **-55** | | H | | | | | 888.21 |
| **Nicor**<br>**POB 0632**<br>**Aurora IL 60507-0632** | | | utility | | | | |
| ACCOUNT NO.   **-70374** | | W | | | | | 669.52 |
| **NICOR**<br>**c/o Harris & Harris**<br>**222 Merchandise Mart Plaza #1900**<br>**Chicago IL 60654** | | | utility | | | | |
| ACCOUNT NO.   **-1358** | | W | | | | | 166.00 |
| **Northshore Univ Health Sys**<br>**9532 Eagle Way**<br>**Chicago IL 60678** | | | medical | | | | |
| ACCOUNT NO.   **-1358** | | W | | | | | 20.00 |
| **Northshore Univ Health Sys**<br>**9532 Eagle Way**<br>**Chicago IL 60678** | | | medical | | | | |
| ACCOUNT NO.   **-2654** | | W | | | | | 59.00 |
| **Northshore Univ Health Sys**<br>**c/o ICS**<br>**POB 1010**<br>**Tinley Park IL 60477-9110** | | | medical | | | | |

<u>11</u>   Continuation sheets attached

Sheet no. <u>7</u> of <u>11</u> continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal ➤   $      1,802.73

Total ➤   $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **William D Jegen   Sheila C Jegen**                              Case No. _____
                                                       _____
                                            **Debtors**                                    **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **-1087** | | W | | | | | 33.00 |
| **Northshore Univ Health Sys c/o ICS POB 1010 Tinley Park IL 60477-9110** | | | medical | | | | |
| ACCOUNT NO.   **-6509** | | W | | | | | 153.42 |
| **Northshore Univ Health Sys Hosp Billing 23056 Network Place Chicago IL 60673-1230** | | | medical | | | | |
| ACCOUNT NO.   **-7527** | | W | | | | | 68.00 |
| **Northwestern Med Faculty Foundation 38693 Eagle Way Chicago IL 60698-1386** | | | medical | | | | |
| ACCOUNT NO.   **-5001** | | W | | | | | 306.94 |
| **Northwestern Memorial Hospital c/o Harris & Harris 222 Merchandise Mart Plaza #1900 Chicago IL 60654** | | | medical | | | | |
| ACCOUNT NO.   **-7001** | | W | | | | | 262.65 |
| **Northwestern Memorial Hospital POB 73690 Chicago IL 60673-7690** | | | medical | | | | |

<u>11</u>   Continuation sheets attached

Sheet no. <u>8</u> of <u>11</u> continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal  ➤  $                    **824.01**

Total  ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re  **William D Jegen   Sheila C Jegen**                          Case No. _____

                                                    **Debtors**                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **-1236** <br> **Progressive Ins** <br> **c/o NCO Financial** <br> **POB 15740** <br> **Wilmington DE 19850-5740** | | W | consumer goods | | | | 155.62 |
| ACCOUNT NO.  **2009-M1-136191** <br> **Resurgence Financial** <br> **c/o Resurgence Legal Grp** <br> **1161 Lake Cook Rd Suite E** <br> **Deerfield IL 60015** | | W | consumer goods | | | | 12,170.78 |
| ACCOUNT NO.  **-7607** <br> **Southgate on the Glen Single Family** <br> **c/o Chicagoland Management** <br> **541 N Fairbanks Crt #880** <br> **Chicago IL 60611** | | H | home association fees | | | | 1,033.91 |
| ACCOUNT NO.  **-8088** <br> **Sprint** <br> **c/o Diversified Adjustment Ser Inc** <br> **POB 32145** <br> **Fridley MN 55432-0145** | | H | utility | | | | 309.61 |
| ACCOUNT NO.  **-2888** <br> **Sprint** <br> **c/o Afni** <br> **POB 3517** <br> **Bloomington IL 61702-3517** | | W | telephone | | | | 334.36 |

                    11   Continuation sheets attached

Sheet no.  9 of 11 continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

                                                                Subtotal  ➤  $        **14,004.28**

                                                                Total  ➤  $

                                        (Use only on last page of the completed Schedule F.)
                            (Report also on Summary of Schedules and, if applicable on the Statistical
                                    Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **William D Jegen   Sheila C Jegen**                                   Case No. _____

Debtors                                                       (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **-11390** |  | W |  |  |  |  | |
| **Suzanne Nelson** **777 Oakmont Lane #1600** **Westmont IL 60559-5574** |  |  | medical |  |  |  | 360.00 |
| ACCOUNT NO.   **-6213** |  | H |  |  |  |  | |
| **Thomasville Furniture** **c/o ER Solutions** **POB 9004** **Renton WA 98057-9004** |  |  | consumer goods |  |  |  | 4,983.55 |
| ACCOUNT NO.   **-7229** |  | H |  |  |  |  | |
| **Unifund CCR Partners** **c/o Blatt Hasenmiller Leibsker & Moore** **125 S Wacker Dr #400** **Chicago IL 60606-4440** |  |  | consumer goods |  |  |  | 24,372.16 |
| ACCOUNT NO.   **-1137** |  | H |  |  |  |  | |
| **Vista Medical Center East** **99 Greenwood Ave** **Waukegan IL 60087-5136** |  |  | medical |  |  |  | 888.75 |
| ACCOUNT NO. |  | J |  |  |  |  | |
| **William F Marutzky** **c/o William H Hunter** **20 S. LaSalle** **Chicago IL 60603** |  |  | legal fees |  |  |  | 9,055.24 |

<u>11</u>   Continuation sheets attached

Sheet no. <u>10</u> of <u>11</u> continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal ➤ $                    39,659.70

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **William D Jegen   Sheila C Jegen**                         Case No. _____
                          Debtors                                                     (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **2006-M1-129895** <br><br> **William H. Hunter** <br> **29 S LaSalle St #21937** <br> **Chicago IL 60603** | | J | attorney fees | | | | 9,055.24 |
| ACCOUNT NO.  **2004-TR-010604** <br><br> **Wisconsin Court System** <br> **City of Racine WI** <br> **730 Washington Ave** <br> **Racine WI 53403** | | H | court fees | | | | 230.60 |
| ACCOUNT NO.  **-94062A** <br><br> **Women's Grp of Northwestern** <br> **c/o Certified Ser** <br> **POB 177** <br> **Waukegan IL 60079-0177** | | W | medical | | | | 760.07 |
| ACCOUNT NO. <br><br> **Women's Health** <br> **c/c North Shore Agency** <br> **POB 8901** <br> **Westbury NY 11590-8901** | | W | medical | | | | 15.94 |

_11_  Continuation sheets attached

Sheet no. _11_ of _11_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal  ➤  $           **10,061.85**

Total  ➤  $          **282,706.11**

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

**Jill Rose Quinn   06184392**
**Law Offices of Jill Rose Quinn**
**4825 North Mason Avenue, #105**
**Chicago, Illinois 60630-3187**

**(773) 777-9277**
**Attorney for the Petitioner(s)**

# UNITED STATES BANKRUPTCY COURT

Northern District of Illinois

Eastern Division

In Re:
Debtor:  **William D Jegen**
Social Security Number:  **4583**

Joint Debtor:  **Sheila C Jegen**
Social Security Number:  **4157**

Case No:

Chapter  **7**

Numbered Listing of Creditors

| Creditor name and mailing address | Category of Claim | Amount of Claim |
|---|---|---|
| 1.  **Department of the Treasury**<br>**Internal Revenue Service**<br>**PO Box 480**<br>**Holtsville NY 11742-0480** | **Priority Claims** | **$ 28,365.08** |
| 2.  **Department of the Treasury**<br>**Internal Revenue Service**<br>**PO Box 480**<br>**Holtsville NY 11742-0480** | **Priority Claims** | **$ 5,334.17** |
| 3.  **Illinois Department of Revenue**<br>**PO Box 19006**<br>**Springfield IL 62794-9006** | **Priority Claims** | **$ 6,432.00** |
| 4.  **Illinois Department of Revenue**<br>**PO Box 19006**<br>**Springfield IL 62794-9006** | **Priority Claims** | **$ 9,088.02** |
| 5.  **Northshore Univ Health Sys Hosp Billing**<br>**23056 Network Place**<br>**Chicago IL 60673-1230** | **Unsecured Claims** | **$ 153.42** |

In re:    **William D Jegen**
**Sheila C Jegen**

| | | |
|---|---|---|
| **6.** | **Illinois Department of Revenue**<br>**PO Box 19006**<br>**Springfield IL 62794-9006** | **Priority Claims**    $   152.94 |
| **7.** | **Northshore Univ Health Sys**<br>**9532 Eagle Way**<br>**Chicago IL 60678** | **Unsecured Claims**    $    20.00 |
| **8.** | **Alpine Capital Investments**<br>**c/o Albert Law Firm**<br>**29 N Wacker Dr #550**<br>**Chicago IL 60606** | **Unsecured Claims**    $ 40,150.59 |
| **9.** | **Ambit Energy**<br>**c/o Transworld Systems**<br>**1375 E Woodfield Rd #110**<br>**Schaumburg IL 60173** | **Unsecured Claims**    $   157.50 |
| **10.** | **American Express**<br>**POB 6618**<br>**Omaha NE 68105-0618** | **Unsecured Claims**    $ 19,734.54 |
| **11.** | **American Express**<br>**POB 6618**<br>**Omaha NE 68105-0618** | **Unsecured Claims**    $  7,883.71 |
| **12.** | **American Express**<br>**POB 105278**<br>**Atlanta GA 30348-5278** | **Unsecured Claims**    $ 29,072.21 |
| **13.** | **AMEX**<br>**POB 981537**<br>**El Paso TX 79998** | **Unsecured Claims**    $   898.00 |
| **14.** | **Capital One**<br>**c/o Asset Acceptance**<br>**POB 2036**<br>**Warren MI 48090-2036** | **Unsecured Claims**    $  1,227.51 |

In re: **William D Jegen**
**Sheila C Jegen**

Case No. _____

| | | | |
|---|---|---|---|
| 15. | **Cardiovascular Assoc**<br>**POB 88275**<br>**Chicago IL 60680-8275** | **Unsecured Claims** | **$ 396.00** |
| 16. | **Chase Bk**<br>**c/o Creditors Financial Grp**<br>**POB 440290**<br>**Aurora CO 80044-0290** | **Unsecured Claims** | **$ 14,813.83** |
| 17. | **Chicago Tribune**<br>**c/o Biehl & Biehl**<br>**POB 87410**<br>**Carol Stream IL 60188-7410** | **Unsecured Claims** | **$ 25.75** |
| 18. | **Chicaog Dept Revenue**<br>**c/o Citi Collection Ser**<br>**POB 88292**<br>**Chicago IL 60680-1292** | **Unsecured Claims** | **$ 227.28** |
| 19. | **CitiBank**<br>**c/o Leading Edge Recovery Sol**<br>**POB 129**<br>**Linden MI 48451-0129** | **Unsecured Claims** | **$ 51,344.48** |
| 20. | **CitiBank**<br>**c/o Financial Recovery Sys**<br>**POB 385908**<br>**Munneapolis MN 55438-5908** | **Unsecured Claims** | **$ 5,534.18** |
| 21. | **City of Chicago**<br>**POB 88292**<br>**Chicago IL 60680-1292** | **Unsecured Claims** | **$ 113.64** |
| 22. | **City of Chicago**<br>**POB 88292**<br>**Chicago IL 60680-1292** | **Unsecured Claims** | **$ 449.28** |
| 23. | **City of Chicago**<br>**c/o Linebarger Goggan Blair & Sampson**<br>**POB 06152**<br>**Chicago IL 60606-1052** | **Unsecured Claims** | **$ 488.00** |

In re:   **William D Jegen**                                        Case No. _____
         **Sheila C Jegen**

| | | | |
|---|---|---|---|
| **24 .** | **ComEd**<br>**POB 6111**<br>**Carol Stream IL 60197-6111** | **Unsecured Claims** | **$  7,525.01** |
| **25 .** | **Department of the Treasury**<br>**Internal Revenue Service**<br>**PO Box 480**<br>**Holtsville NY 11742-0480** | **Priority Claims** | **$ 41,483.09** |
| **26 .** | **Department of the Treasury**<br>**Internal Revenue Service**<br>**PO Box 480**<br>**Holtsville NY 11742-0480** | **Priority Claims** | **$ 756,289.03** |
| **27 .** | **Department of the Treasury**<br>**Internal Revenue Service**<br>**PO Box 480**<br>**Holtsville NY 11742-0480** | **Priority Claims** | **$ 26,787.44** |
| **28 .** | **Design Within Reach**<br>**c/o FBCS**<br>**220 Byberry Rd #120**<br>**Hatboro PA 19040-3738** | **Unsecured Claims** | **$  4,820.28** |
| **29 .** | **Ebay Inc**<br>**c/o IC Systems**<br>**444 Highway 96 East Box 64886**<br>**St Paul MN 55164-0886** | **Unsecured Claims** | **$  1,775.04** |
| **30 .** | **Friedman & Holtz**<br>**208 S LaSalle #760**<br>**Chicago IL 60604** | **Unsecured Claims** | **$ 13,499.84** |
| **31 .** | **Glenview Water Dept**<br>**1225 Waukegan Rd**<br>**Glenview IL 60025** | **Unsecured Claims** | **$   590.36** |
| **32 .** | **Gordon Gault PC**<br>**55 W Monroe St #3550**<br>**Chicago IL 60603** | **Unsecured Claims** | **$  4,820.00** |

In re:  **William D Jegen**
        **Sheila C Jegen**

Case No. _____

| | | | |
|---|---|---|---|
| 33. | **Groot**<br>**c/o RMS**<br>**4836 Brecksville Rd POB 523**<br>**Richfield OH 44286** | **Unsecured Claims** | $    62.00 |
| 34. | **Gurnee RLPEP**<br>**c/o Penn Credit**<br>**916 S 14th St POB 988**<br>**Harrisburg PA 17108-0988** | **Unsecured Claims** | $   200.00 |
| 35. | **Harris Bank**<br>**c/o Barons Creditors Services Corp**<br>**155 Revere Dr # 9**<br>**Northbrook IL 60062-1588** | **Unsecured Claims** | $ 4,138.80 |
| 36. | **Ice Mountain**<br>**c/o Caine & Weiner**<br>**POB 5010**<br>**Woodland Hills CA 91365-5010** | **Unsecured Claims** | $   569.81 |
| 37. | **IL Bone & Joint Institute**<br>**5057 Paysphere Circle**<br>**Chicago IL 60647-0050** | **Unsecured Claims** | $   885.00 |
| 38. | **IL ST Toll Highway Auth**<br>**222 Merchndise MArt #1932**<br>**Chicago IL 60654** | **Unsecured Claims** | $   212.30 |
| 39. | **Illinois Department of Revenue**<br>**PO Box 19006**<br>**Springfield IL 62794-9006** | **Priority Claims** | $   367.92 |
| 40. | **Illinois Department of Revenue**<br>**PO Box 19006**<br>**Springfield IL 62794-9006** | **Priority Claims** | $ 5,290.94 |
| 41. | **Illinois Department of Revenue**<br>**PO Box 19006**<br>**Springfield IL 62794-9006** | **Priority Claims** | $ 7,453.10 |

In re:   **William D Jegen**
**Sheila C Jegen**

Case No. _____

| | | | |
|---|---|---|---|
| **42 .** | **Illinois Department of Revenue**<br>**PO Box 19006**<br>**Springfield IL 62794-9006** | **Priority Claims** | **$ 77,879.95** |
| **43 .** | **Laboratory Corp of America**<br>**c/o RMCB**<br>**4 Westchester Plaza #110**<br>**Elmsford NY 10523-0935** | **Unsecured Claims** | **$    441.00** |
| **44 .** | **Law Office of William F. Marutzky**<br>**c/o 175 W Jackson Blvd #1600**<br>**Chicago IL 60604-2827** | **Unsecured Claims** | **$ 2,511.30** |
| **45 .** | **Luthern General Hospital**<br>**c/o ICS**<br>**POB 1010**<br>**Tinley Park IL 60477-9110** | **Unsecured Claims** | **$    619.00** |
| **46 .** | **Medical Business Bureau**<br>**POB 1219**<br>**Park Ridge IL 60068-7219** | **Unsecured Claims** | **$    707.00** |
| **47 .** | **Medical Business Bureau**<br>**POB 1219**<br>**Park Ridge IL 60068-7219** | **Unsecured Claims** | **$    178.00** |
| **48 .** | **Metra Rail Tickets Collection**<br>**547 W Jackson Blvd**<br>**Chicago IL 60661** | **Unsecured Claims** | **$     57.30** |
| **49 .** | **Minouw Colis MD SC**<br>**2440 RavineWay #600**<br>**Glenview IL 60025** | **Unsecured Claims** | **$    225.00** |
| **50 .** | **Northshore Univ Health Sys**<br>**c/o ICS**<br>**POB 1010**<br>**Tinley Park IL 60477-9110** | **Unsecured Claims** | **$     33.00** |

In re:  **William D Jegen**
**Sheila C Jegen**

Case No. _____

| | | | |
|---|---|---|---|
| **51.** | **NICOR**<br>**c/o Harris & Harris**<br>**222 Merchandise Mart Plaza #1900**<br>**Chicago IL 60654** | **Unsecured Claims** | **$    669.52** |
| **52.** | **Nicor**<br>**POB 0632**<br>**Aurora IL 60507-0632** | **Unsecured Claims** | **$    888.21** |
| **53.** | **Northshore Univ Health Sys**<br>**c/o ICS**<br>**POB 1010**<br>**Tinley Park IL 60477-9110** | **Unsecured Claims** | **$      59.00** |
| **54.** | **Northshore Univ Health Sys**<br>**9532 Eagle Way**<br>**Chicago IL 60678** | **Unsecured Claims** | **$    166.00** |
| **55.** | **Northwestern Med Faculty Foundation**<br>**38693 Eagle Way**<br>**Chicago IL 60698-1386** | **Unsecured Claims** | **$      68.00** |
| **56.** | **Northwestern Memorial Hospital**<br>**c/o Harris & Harris**<br>**222 Merchandise Mart Plaza #1900**<br>**Chicago IL 60654** | **Unsecured Claims** | **$    306.94** |
| **57.** | **Northwestern Memorial Hospital**<br>**POB 73690**<br>**Chicago IL 60673-7690** | **Unsecured Claims** | **$    262.65** |
| **58.** | **Progressive Ins**<br>**c/o NCO Financial**<br>**POB 15740**<br>**Wilmington DE 19850-5740** | **Unsecured Claims** | **$    155.62** |
| **59.** | **Resurgence Financial**<br>**c/o Resurgence Legal Grp**<br>**1161 Lake Cook Rd Suite E**<br>**Deerfield IL 60015** | **Unsecured Claims** | **$ 12,170.78** |

In re:    **William D Jegen**
**Sheila C Jegen**

Case No. _____

| 60 . | **Southgate on the Glen Single Family** | **Unsecured Claims** | $ 1,033.91 |
|------|------------------------------------------|------------------------|-------------|
|      | **c/o Chicagoland Management**           |                        |             |
|      | **541 N Fairbanks Crt #880**             |                        |             |
|      | **Chicago IL 60611**                     |                        |             |

| 61 . | **Sprint** | **Unsecured Claims** | $ 334.36 |
|------|------------|----------------------|----------|
|      | **c/o Afni** | | |
|      | **POB 3517** | | |
|      | **Bloomington IL 61702-3517** | | |

| 62 . | **Sprint** | **Unsecured Claims** | $ 309.61 |
|------|------------|----------------------|----------|
|      | **c/o Diversified Adjustment Ser Inc** | | |
|      | **POB 32145** | | |
|      | **Fridley MN 55432-0145** | | |

| 63 . | **Suzanne Nelson** | **Unsecured Claims** | $ 360.00 |
|------|--------------------|----------------------|----------|
|      | **777 Oakmont Lane #1600** | | |
|      | **Westmont IL 60559-5574** | | |

| 64 . | **Department of the Treasury** | **Priority Claims** | $ 36,258.20 |
|------|--------------------------------|---------------------|--------------|
|      | **Internal Revenue Service** | | |
|      | **PO Box 480** | | |
|      | **Holtsville NY 11742-0480** | | |

| 65 . | **Thomasville Furniture** | **Unsecured Claims** | $ 4,983.55 |
|------|---------------------------|----------------------|-------------|
|      | **c/o ER Solutions** | | |
|      | **POB 9004** | | |
|      | **Renton WA 98057-9004** | | |

| 66 . | **Titlemax of IL Inc** | **Secured Claims** | $ 2,938.52 |
|------|------------------------|--------------------|-------------|
|      | **315 Roosevelt Road** | | |
|      | **Glen Ellyn IL 60137** | | |

| 67 . | **Unifund CCR Partners** | **Unsecured Claims** | $ 24,372.16 |
|------|--------------------------|----------------------|--------------|
|      | **c/o Blatt Hasenmiller Leibsker & Moore** | | |
|      | **125 S Wacker Dr #400** | | |
|      | **Chicago IL 60606-4440** | | |

| 68 . | **Vista Medical Center East** | **Unsecured Claims** | $ 888.75 |
|------|-------------------------------|----------------------|----------|
|      | **99 Greenwood Ave** | | |
|      | **Waukegan IL 60087-5136** | | |

In re:   **William D Jegen**
**Sheila C Jegen**

Case No. _____

| | | |
|---|---|---|
| 69. | **William F Marutzky**<br>**c/o William H Hunter**<br>**20 S. LaSalle**<br>**Chicago IL 60603** | **Unsecured Claims** | **$ 9,055.24** |
| 70. | **William H. Hunter**<br>**29 S LaSalle St #21937**<br>**Chicago IL 60603** | **Unsecured Claims** | **$ 9,055.24** |
| 71. | **Wisconsin Court System**<br>**City of Racine WI**<br>**730 Washington Ave**<br>**Racine WI 53403** | **Unsecured Claims** | **$ 230.60** |
| 72. | **Women's Grp of Northwestern**<br>**c/o Certified Ser**<br>**POB 177**<br>**Waukegan IL 60079-0177** | **Unsecured Claims** | **$ 760.07** |
| 73. | **Women's Health**<br>**c/c North Shore Agency**<br>**POB 8901**<br>**Westbury NY 11590-8901** | **Unsecured Claims** | **$ 15.94** |

In re:   **William D Jegen**
         **Sheila C Jegen**

Case No. _____

(The penalty for making a false statement or concealing property is a fine up to $500,000 or
imprisonment for up to 5 years or both.  18 U.S.C. secs. 152 and 3571.)

# DECLARATION

I, **William D Jegen**, and I, **Sheila C Jegen**, named as debtors in this case, declare under penalty of perjury that we have read
the foregoing Numbered Listing of Creditors, consisting of **9 sheets** (not including this declaration), and that it is true and correct
to the best of our information and belief.

Signature:   **s/ William D Jegen**
             _____
             **William D Jegen**

Dated:       **1/12/2012**

Signature:   **s/ Sheila C Jegen**
             _____
             **Sheila C Jegen**

Dated:       **1/12/2012**

B6G (Official Form 6G) (12/07)

In re:  **William D Jegen    Sheila C Jegen**                                    ,    Case No. _____
                                                        **Debtors**                                                                    **(If known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☐  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **Philip Seitz**<br>**1335 Plymouth Lane**<br>**Glenview IL 60025** | **security deposi** |

B6H (Official Form 6H) (12/07)

In re: **William D Jegen    Sheila C Jegen**                          .        Case No. _____
                          **Debtors**                                                              **(If known)**

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

B6I (Official Form 6I) (12/07)

In re **William D Jegen Sheila C Jegen**                    Case No. _____
                        Debtors                                                  (If known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: **married** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |
| | **daughter** | **16** |
| | **daughter** | **12** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **trader** | **bartender** |
| Name of Employer | **self** | **Del Frisco Rest. Grp.** |
| How long employed | **20 years** | **1 year** |
| Address of Employer | **1335 Plymouth Lane Glenview IL 60025** | **930 S Kimball Ave #100 Southlake TX 76092** |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ | 0.00 | $ | 1,216.26 |
| 2. Estimate monthly overtime | $ | 0.00 | $ | 0.00 |
| 3. SUBTOTAL | $ | 0.00 | $ | 1,216.26 |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll taxes and social security | $ | 0.00 | $ | 128.01 |
| b. Insurance | $ | 0.00 | $ | 0.00 |
| c. Union dues | $ | 0.00 | $ | 0.00 |
| d. Other (Specify) | $ | 0.00 | $ | 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 0.00 | $ | 128.01 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 0.00 | $ | 1,088.25 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 4,277.82 | $ | 0.00 |
| 8. Income from real property | $ | 0.00 | $ | 0.00 |
| 9. Interest and dividends | $ | 0.00 | $ | 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | 0.00 | $ | 0.00 |
| 11. Social security or other government assistance (Specify) **food stamps** | $ | 0.00 | $ | 297.00 |
| 12. Pension or retirement income | $ | 0.00 | $ | 0.00 |
| 13. Other monthly income (Specify) **unemployment** | $ | 715.68 | $ | 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 4,993.50 | $ | 297.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 4,993.50 | $ | 1,385.25 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | **$ 6,378.75** | | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document.:

**B6I (Official Form 6I) (12/07) - Cont.**

**In re**    **William D Jegen Sheila C Jegen** _____    **Case No.** _____

                                                 **Debtors**                                            **(If known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

<u>NONE</u> _____

_____

B6J (Official Form 6J) (12/07)

In re **William D Jegen Sheila C Jegen** _____, Case No. _____
           **Debtors**                                         **(If known)**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | | | | |
|---|---|---|---|---|--:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | | | $ | 2,000.00 |
|   a. Are real estate taxes included? | Yes _____ | No ✓ | | | |
|   b. Is property insurance included? | Yes _____ | No ✓ | | | |
| 2. Utilities: a. Electricity and heating fuel | | | | $ | 300.00 |
|     b. Water and sewer | | | | $ | 50.00 |
|     c. Telephone | | | | $ | 100.00 |
|     d. Other _____ | | | | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | | | | $ | 0.00 |
| 4. Food | | | | $ | 450.00 |
| 5. Clothing | | | | $ | 40.00 |
| 6. Laundry and dry cleaning | | | | $ | 10.00 |
| 7. Medical and dental expenses | | | | $ | 0.00 |
| 8. Transportation (not including car payments) | | | | $ | 0.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | | | $ | 0.00 |
| 10. Charitable contributions | | | | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | | | | |
|     a. Homeowner's or renter's | | | | $ | 0.00 |
|     b. Life | | | | $ | 0.00 |
|     c. Health | | | | $ | 0.00 |
|     d. Auto | | | | $ | 90.00 |
|     e. Other _____ | | | | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | | | | |
| (Specify) _____ | | | | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | | | | |
|     a. Auto | | | | $ | 365.00 |
|     b. Other _____ | | | | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | | | | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | | | | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | | | $ | 3,324.12 |
| 17. Other _____ | | | | $ | 0.00 |

| | | |
|---|---|--:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 6,729.12 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|--:|
|   a. Average monthly income from Line 15 of Schedule I | $ | 6,378.75 |
|   b. Average monthly expenses from Line 18 above | $ | 6,729.12 |
|   c. Monthly net income (a. minus b.) | $ | -350.37 |

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
## Northern District of Illinois
### Eastern Division

In re  **William D Jegen   Sheila C Jegen**

Debtors

Case No. _____

Chapter   **7** _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐  Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount | |
|---|---|---|
| Domestic Support Obligations (from Schedule E) | $ | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ | 1,001,181.88 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ | 0.00 |
| Student Loan Obligations (from Schedule F) | $ | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E. | $ | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ | 0.00 |
| TOTAL | $ | 1,001,181.88 |

**State the following:**

| | | |
|---|---|---|
| Average Income (from Schedule I, Line 16) | $ | 6,378.75 |
| Average Expenses (from Schedule J, Line 18) | $ | 6,729.12 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ | 2,490.52 |

# United States Bankruptcy Court
## Northern District of Illinois
### Eastern Division

In re  **William D Jegen   Sheila C Jegen**

Debtors

Case No. _____

Chapter  **7** _____

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $  938.52 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $  1,001,181.88 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $  0.00 |
| 4. Total from Schedule F | | $  282,706.11 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $  283,644.63 |

### UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois
### Eastern Division

In re:  **William D Jegen**                    **Sheila C Jegen**                    Case No. _____

Chapter  **7**

# BUSINESS INCOME AND EXPENSES

<u>FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS</u> (NOTE: <u>ONLY INCLUDE</u> information directly related to the business operation.)

PART A - GROSS BUSINESS INCOME FOR PREVIOUS 12 MONTHS:

    1.  Gross Income For 12 Months Prior to Filing:               $ _____**51,333.83**

PART B - ESTIMATED AVERAGE FUTURE <u>GROSS</u> MONTHLY INCOME:

    2.  Gross Monthly Income:                                                                  $ _____**4,277.82**

PART C - ESTIMATED FUTURE MONTHLY EXPENSES:

    3.  Net Employee Payroll (Other Than Debtor)        $ _____**0.00**
    4.  Payroll Taxes                                                           **0.00**
    5.  Unemployment Taxes                                              **0.00**
    6.  Worker's Compensation                                          **0.00**
    7.  Other Taxes                                                         **0.00**
    8.  Inventory Purchases (Including raw  materials)          **0.00**
    9.  Purchase of Feed/Fertilizer/Seed/Spray                  **0.00**
  10.  Rent (Other than debtor's principal residence)        **181.00**
  11.  Utilities                                                          **525.99**
  12.  Office Expenses and Supplies                               **456.69**
  13.  Repairs and Maintenance                                      **0.00**
  14.  Vehicle Expenses                                                **0.00**
  15.  Travel and Entertainment                                   **329.99**
  16.  Equipment Rental and Leases                                **0.00**
  17.  Legal/Accounting/Other Professional Fees             **0.00**
  18.  Insurance                                                         **0.00**
  19.  Employee Benefits (e.g., pension, medical, etc.)        **0.00**
  20.  Payments to Be Made Directly By Debtor to Secured Creditors For
      Pre-Petition Business Debts (Specify):
      **None**

  21.  Other (Specify):

      **commissions & trading fees**                          **1,830.45**

  22.  Total Monthly Expenses (Add items 3 - 21)                         $ _____**3,324.12**

PART D - ESTIMATED AVERAGE <u>NET</u> MONTHLY INCOME:

  23.  AVERAGE NET MONTHLY INCOME (Subtract Item 22 from Item 2)        $ _____**953.70**

**B6 Summary (Official Form 6 - Summary) (12/07)**

## United States Bankruptcy Court
### Northern District of Illinois
### Eastern Division

In re  **William D Jegen   Sheila C Jegen** _____,     Case No. _____

Debtors

Chapter    **7** _____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $          0.00 | | |
| B - Personal Property | YES | 2 | $      4,550.00 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $       2,938.52 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 4 | | $   1,001,181.88 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 12 | | $     282,706.11 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 2 | | | $      6,378.75 |
| J - Current Expenditures of Individual Debtor(s) | YES | 2 | | | $      6,729.12 |
| TOTAL | | 27 | $      4,550.00 | $   1,286,826.51 | |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re  **William D Jegen   Sheila C Jegen**　　　　　　　　　　　　　　　　　　　　　　Case No. _____
　　　　　　　　　　　　　**Debtors**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

　　I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ **29** _____
sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date:  **1/12/2012** _____　　　　　　Signature:  **s/ William D Jegen** _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**William D Jegen**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Debtor

Date:  **1/12/2012** _____　　　　　　Signature:  **s/ Sheila C Jegen** _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Sheila C Jegen**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(Joint Debtor, if any)

　　　　　　　　　　　　　　　　　　　　　　[If joint case, both spouses must sign]

---

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.*

B7 (Official Form 7) (4/10)

**UNITED STATES BANKRUPTCY COURT**
**Northern District of Illinois**
**Eastern Division**

In re:  **William D Jegen    Sheila C Jegen**                          ,        Case No. _____

                                        Debtors                                                    (If known)

# STATEMENT OF FINANCIAL AFFAIRS

## 1.  Income from employment or operation of business

None
☐   State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| **174,106.00** | **employment** | **2007** |
| **133,894.00** | **employment** | **2008** |
| **18,791.00** | **employment** | **2009** |
| **35,465.00** | **employment** | **2010** |
| **13,293.96** | **employment - wife** | **2011 year to date** |
| **23,518.93** | **employment - husband** | **2011 year to date** |

## 2.  Income other than from employment or operation of business

None
☐   State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| **2,352.00** | **unemployment benefits** | **2011** |

## 3.  Payments to creditors

*Complete a. or b., as appropriate, and c.*

None
☑   a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☑ **b.** *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

None ☑ **c.** *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4.  Suits and administrative proceedings, executions, garnishments and attachments

None ☐ **a.** List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATIO | STATUS OR DISPOSITION |
|---|---|---|---|
| **Resurgence Financial LLC v. Jegen, Sheila C. 2009-M1-136191** | **breach of contract** | **Circuit Court of Cook County IL** | **judgment pending** |
| **Alpine Capital Inv 2009-M1-145605** | **breach of contract** | **Circuit Court of Cook County IL** | **judgment pending** |
| **Marutzky, William F. v. Jegen, William & Sheila 2006-M1-129895** | **breach of contract** | **Circuit Court of Cook County IL** | **judgment entered** |
| **Unifund CCR Partners v. Jegen, William D. 2009-M1-173022** | **breach of contract** | **Circuit Court of Cook County IL** | **judgment entered** |

None ☑ **b.** Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 5. Repossessions, foreclosures and returns

None

☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

## 6. Assignments and receiverships

None

☑

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None

☑

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

## 7. Gifts

None

☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

## 8. Losses

None

☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

## 9.  Payments related to debt counseling or bankruptcy

None  ☑

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

## 10.  Other transfers

None  ☑

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

None  ☑

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR INTEREST IN PROPERTY |
| --- | --- | --- |

## 11.  Closed financial accounts

None  ☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

## 12.  Safe deposit boxes

None  ☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITOR | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

### 13. Setoffs

None
☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

### 14. Property held for another person

None
☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

### 15. Prior address of debtor

None
☑

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

### 16. Spouses and Former Spouses

None
☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
☑

a.      List  the name  and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None ☑ b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑ c.    List all  judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

## 18. Nature, location and name of business

None ☑ a. *If the debtor is an individual,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses,  taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the  commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None ☑ b.    Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

* * * * * *

[if completed by an individual or individual and spouse]
I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  __1/12/2012_____     Signature of Debtor    __s/ William D Jegen_____
                                        **William D Jegen**

Date  __1/12/2012_____     Signature of Joint Debtor (if any)    __s/ Sheila C Jegen_____
                                        **Sheila C Jegen**

B 8 (Official Form 8) (12/08)

## UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois
## Eastern Division

In re _____William D Jegen   Sheila C Jegen_____,      Case No. _____
Debtors                                                                        Chapter 7

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No.  1 | |
|---|---|
| **Creditor's Name:**<br>**Titlemax of IL Inc** | **Describe Property Securing Debt:**<br>**2003 Land Rover Discovery**<br>**inoperable** |

Property will be *(check one)*:
    ☐ Surrendered        ☑ Retained

If retaining the property, I intend to *(check at least one)*:
    ☐ Redeem the property
    ☑ Reaffirm the debt
    ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f))

Property is *(check one)*:
    ☑ Claimed as exempt        ☐ Not claimed as exempt

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No.  1 | | |
|---|---|---|
| **Lessor's Name:**<br>**None** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES    ☐ NO |

_____0_____  continuation sheets attached *(if any)*

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date: **1/12/2012**_____             **s/ William D Jegen**_____
                                          **William D Jegen**
                                          Signature of Debtor

**s/ Sheila C Jegen**
_____
**Sheila C Jegen**
Signature of Joint Debtor (if any)

B22A (Official Form 22A) (Chapter 7) (12/10)

In re  **William D Jegen, Sheila C Jegen**
_____
Debtor(s)

Case Number: _____
(If known)

According to the information required to be entered on this statement (check one box as directed in Part I, III, or VI of this statement):

☐ **The presumption arises**

☑ **The presumption does not arise**

☐ **The presumption is temporarily inapplicable.**

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor. If none of the exclusions in Part I applies, joint debtors may complete one statement only. If any of the exclusions in Part I applies, joint debtors should complete separate statements if they believe this is required by § 707(b)(2)(C).

| | **Part I. MILITARY AND NON-CONSUMER DEBTORS** |
|---|---|
| 1A | **Disabled Veterans.** If you are a disabled veteran described in the Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| 1B | **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.** Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.**<br><br>☐ **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard<br><br>    a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and<br>        ☐ I remain on active duty /or/<br>        ☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed;<br>        OR<br>    b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/<br>        ☐ I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days before this bankruptcy case was filed. |
| | **Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION** |

| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ **Unmarried. Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>c. ☐ Married, not filing jointly, without the declaration of separate households set out in line 2.b above. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**<br>d. ☑ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** | | |
|---|---|---|---|

| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | Column A<br>Debtor's<br>Income | Column B<br>Spouse's<br>Income |
|---|---|---|---|
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $0.00 | $1,216.26 |

| 4 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.** | $1,274.26 | $0.00 |
|---|---|---|---|

| a. | Gross Receipts | $ 4,598.38 |
|---|---|---|
| b. | Ordinary and necessary business expenses | $ 3,324.12 |
| c. | Business income | Subtract Line b from Line a |

| 5 | **Rent and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. **Do not enter a number less than zero. Do not include any part of the operating expenses entered on Line b as a deduction in Part V.** | $0.00 | $0.00 |
|---|---|---|---|

| a. | Gross Receipts | $ 0.00 |
|---|---|---|
| b. | Ordinary and necessary operating expenses | $ 0.00 |
| c. | Rent and other real property income | Subtract Line b from Line a |

| 6 | **Interest, dividends, and royalties.** | $0.00 | $0.00 |
|---|---|---|---|
| 7 | **Pension and retirement income.** | $0.00 | $0.00 |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $0.00 | $0.00 |
| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act    Debtor $ _____    Spouse $ _____ | $0.00 | $0.00 |
| 10 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | |

B22A (Official Form 22A) (Chapter 7) (12/10)                                          3

| | | | |
|---|---|---|---|
| | a.                          $<br>Total and enter on Line 10. | | $0.00 | $0.00 |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 thru 10 in Column B. Enter the total(s). | $1,274.26 | $1,216.26 |
| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | $ 2,490.52 | |

### Part III.  APPLICATION OF § 707(b)(7) EXCLUSION

| | | |
|---|---|---|
| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | $29,886.24 |
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br><br>a. Enter debtor's state of residence:   IL            b. Enter debtor's household size:    **4** | $79,074.00 |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed.<br><br>☑ **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII.<br><br>☐ **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. | |

**Complete Parts IV, V, VI, and VII of this statement only if required.  (See Line 15).**

### Part IV.  CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| | | |
|---|---|---|
| 16 | **Enter the amount from Line 12.** | $2,490.52 |
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero.<br><br>a.                          $<br><br>Total and enter on Line 17 . | $ 0.00 |
| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | $2,490.52 |

### Part V. CALCULATION OF DEDUCTIONS FROM INCOME

#### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| | | |
|---|---|---|
| 19A | **National Standards: food, clothing and other items.** Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable number of persons. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ 534.00 |

B22A (Official Form 22A) (Chapter 7) (12/10)                                                           4

| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Outof- Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Outof- Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | |
|---|---|---|

| Persons under 65 years of age | | | Persons 65 years of age or older | | |
|---|---|---|---|---|---|
| a1. | Allowance per person | **60.00** | a2. | Allowance per person | **144.00** |
| b1. | Number of persons | **4.00** | b2. | Number of persons | **0.00** |
| c1. | Subtotal | **240.00** | c2. | Subtotal | **0.00** |

$ 240.00

| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ 464.00 |
|---|---|---|

| 20B | **Local Standards: housing and utilities; mortgage/rent expenses.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court)(the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | |
|---|---|---|

| a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ **1,267.00** |
|---|---|---|
| b. | Average Monthly Payment for any debts secured by home, if any, as stated in Line 42. | $ |
| c. | Net mortgage/rental expense | Subtract Line b from Line a |

$ 1,267.00

| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |
|---|---|---|

| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8. ☐ 0  ☑ 1  ☐ 2 or more.<br>If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ 212.00 |
|---|---|---|

| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ 0.00 |
|---|---|---|

B22A (Official Form 22A) (Chapter 7) (12/10)                                                                    5

| | | |
|---|---|---|
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br>☐ 1   ☐ 2 or more.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | |
| | <table><tr><td>a.</td><td>IRS Transportation Standards, Ownership Costs</td><td>$ 0.00</td></tr><tr><td>b.</td><td>Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42.</td><td>$</td></tr><tr><td>c.</td><td>Net ownership/lease expense for Vehicle 1</td><td>Subtract Line b from Line a</td></tr></table> | $ 0.00 |
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** | |
| | <table><tr><td>a.</td><td>IRS Transportation Standards, Ownership Costs</td><td>$ 0.00</td></tr><tr><td>b.</td><td>Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42</td><td>$</td></tr><tr><td>c.</td><td>Net ownership/lease expense for Vehicle 2</td><td>Subtract Line b from Line a</td></tr></table> | $ 0.00 |
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes. social security taxes. and Medicare taxes. **Do not include real estate or sales taxes.** | $ 128.01 |
| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ 0.00 |
| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ 0.00 |
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | $ 0.00 |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare—such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service— such as pagers, call waiting, caller id, special long distance, or internet service—to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ 2,845.01 |
| | **Subpart B: Additional Living Expense Deductions** | |

**B22A (Official Form 22A) (Chapter 7) (12/10)**                                              6

| | Note: Do not include any expenses that you have listed in Lines 19-32 | |
|---|---|---|
| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. <table><tr><td>a.</td><td>Health Insurance</td><td>$</td></tr><tr><td>b.</td><td>Disability Insurance</td><td>$</td></tr><tr><td>c.</td><td>Health Savings Account</td><td>$</td></tr></table> Total and enter on Line 34<br>**If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below:<br>$ _____ | $ 0.00 |
| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ |
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $147.92* per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |
| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ 0.00 |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40. | $ 0.00 |
| | **Subpart C: Deductions for Debt Payment** | |
| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. <table><tr><td></td><td>Name of Creditor</td><td>Property Securing the Debt</td><td>Average Monthly Payment</td><td>Does payment include taxes or insurance?</td></tr><tr><td>a.</td><td></td><td></td><td>$</td><td>☐ yes  ☐ no</td></tr></table> | |
| | Total: Add Lines a, b and c | $ 0.00 |

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B22A (Official Form 22A) (Chapter 7) (12/10)                                                                                      7

| | | |
|---|---|---|
| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | |

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |
| | | Total: Add Lines a, b and c | **$ 0.00** |

| | | |
|---|---|---|
| 44 | **Payments on prepetition priority claims**. Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | **$ 16,686.36** |

| | | |
|---|---|---|
| 45 | **Chapter 13 administrative expenses**. If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | |

| | | |
|---|---|---|
| a. | Projected average monthly Chapter 13 plan payment. | $ |
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x **6.70** |
| c. | Average monthly administrative expense of Chapter 13 case | |
| | Total: Multiply Lines a and b | **$ 0.00** |

| | | |
|---|---|---|
| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | **$ 16,686.36** |

| **Subpart D: Total Deductions from Income** |
|---|

| | | |
|---|---|---|
| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | **$19,531.37** |

| **Part VI.  DETERMINATION OF § 707(b)(2) PRESUMPTION** |
|---|

| | | |
|---|---|---|
| 48 | **Enter the amount from Line 18 (Current monthly income for § 707(b)(2))** | **$ 2,490.52** |
| 49 | **Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2))** | **$ 19,531.37** |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result | **$ -17,040.85** |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | **$-1,022,451.00** |

| | | |
|---|---|---|
| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br><br>☑ **The amount on Line 51 is less than $7,025\*** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br><br>☐ **The amount set forth on Line 51 is more than $11,725\*.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI.<br><br>☐ **The amount on Line 51 is at least $7,025\*, but not more than $11,725\*.** Complete the remainder of Part VI (Lines 53 through 55). | |

| | | |
|---|---|---|
| 53 | **Enter the amount of your total non-priority unsecured debt** | $ |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | **$ 0.00** |

| | | |
|---|---|---|
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. | |

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**B22A (Official Form 22A) (Chapter 7) (12/10)**                                                    8

| | ☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. |
|---|---|

| | **Part VII.  ADDITIONAL EXPENSE CLAIMS** |
|---|---|
| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. |

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| | Total: Add Lines a, b, and c | $ **0.00** |

| | **Part VIII:  VERIFICATION** |
|---|---|
| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this a joint case, both debtors must sign.)*<br><br>Date: __1/12/2012__        Signature: __s/ William D Jegen__<br>                                                      **William D Jegen,** (Debtor)<br><br>Date: __1/12/2012__        Signature: __s/ Sheila C Jegen__<br>                                                      **Sheila C Jegen,** (Joint Debtor, if any) |

B 203
(12/94)

# UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois
### Eastern Division

In re:    **William D Jegen**            **Sheila C Jegen**            Case No. _____

Debtors                                          Chapter    **7**

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s)
   and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be
   paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in
   connection with the bankruptcy case is as follows:

|  |  |  |
|---|---|---|
| For legal services, I have agreed to accept | $ | **2,800.00** |
| Prior to the filing of this statement I have received | $ | **2,800.00** |
| Balance Due | $ | **0.00** |

2. The source of compensation paid to me was:

   ☑ Debtor                              ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☐ Debtor                              ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates
      of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of
      my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is
      attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case,
   including:

   a)   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file
        a petition in bankruptcy;

   b)   Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c)   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d)   Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

   e)   [Other provisions as needed]
        **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

   **None**

---

### CERTIFICATION

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for
representation of the debtor(s) in this bankruptcy proceeding.

Dated:  <u>1/12/2012</u>

                                        <u>s/JQuinn</u>
                                        **Jill Rose Quinn, Bar No.  06184392**

                                        **Law Offices of Jill Rose Quinn**
                                        Attorney for Debtor(s)

**B 201A** (Form 201A) (11/11)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

# NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
# OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7:   Liquidation  ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total fee $306)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13:   Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11:  Reorganization  ($1000 filing fee, $46 administrative fee: Total fee $1046)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3.  Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**B 201B** (Form 201B) (12/09)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re  William D Jegen
     Sheila C Jegen

Case No. _____

_____
**Debtor**

Chapter _____ **7** _____

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certificate of the Debtor

We, the debtors, affirm that we have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| | |
|---|---|
| William D Jegen | X **s/ William D Jegen**      **1/12/2012** |
| Sheila C Jegen | **William D Jegen** |
| | Signature of Debtor       Date |
| Printed Name(s) of Debtor(s) | X **s/ Sheila C Jegen**      **1/12/2012** |
| | **Sheila C Jegen** |
| Case No. (if known) _____ | Signature of Joint Debtor       Date |

_____

**Instructions**: Attach a copy of Form B 201A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) only if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.